Carolyn **FARMER** et al., Plaintiff,

v.

**WASHINGTON FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant.**

No. GC 76–23–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

May 19, 1976.

Johnnie E. Walls, Jr., McTeer, Walls, Bailey & Buck, Greenville, Miss., for plaintiff.

Eugene Bogen, Bogen & Bogen, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This is an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e). Defendant has filed a motion seeking dismissal of the complaint for lack of timeliness, arguing plaintiff's failure to file a charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the date upon which the alleged discrimination occurred bars the action and citing 42 U.S.C. § 2000e–5(e).[1]

There is apparently some conflict in the reported decisions of the appellate courts in the federal system as to whether the filing of a charge with the EEOC within the time limit prescribed by § 2000e–5(e) is a jurisdictional requirement or more in the nature of a statute of limitations.[2] However, reso-

lution of that controversy has no effect upon the court's ultimate decision in this action.

■ In passing upon the instant motion to dismiss, the court found it necessary to rely upon or consider the affidavit of the president of the defendant association and the transcript of the deposition of the plaintiff taken in March of 1976. Consequently, the motion must be treated as one for summary judgment pursuant to Fed.R.Civ.P. 12(c).

Plaintiff testified at her deposition that she applied for a job with the defendant during June of 1974. She is unsure of the exact date of her application; however, she believes that it was during the early part of the month. At the time of her initial inquiry as to employment opportunities with Washington Federal, Mrs. Farmer was informed that no job vacancies existed. Although plaintiff indicated she never personally revisited defendant's offices, she did testify that she subsequently followed-up her application by telephone approximately one month after her initial visit, at which time she was again informed that no jobs were available. Plaintiff stated she placed a second follow-up call approximately three weeks after the first and was again informed no job vacancies existed. A final call was made, according to plaintiff's deposition testimony, approximately two or three weeks after the second call, which would place plaintiff's last contact with the defendant concerning her application sometime around the middle or end of August of 1974. The results of the last call were exactly the same as the two previous telephonic contacts.

At her deposition, Mrs. Farmer went on to state that she did not become suspicious of defendant's persistent disclaimers of job availability until such time as she began to hear from various persons in the community that Washington Federal was hiring oth-

---

1. "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . . ."

2. See the discussion of the distinctions drawn by the courts on this question in *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 927 (5th Cir., 1975).

er applicants for employment while continuing to inform her that no vacancies existed.

In her complaint, plaintiff alleges she filed a charge of discrimination against the defendant with the EEOC on June 25, 1975; however, defendant's answer plainly states that plaintiff's "original" charge was filed on or about January 17, 1975. A copy of this January 1975 charge was also attached to the brief submitted by defendant in support of the instant motion.

■ In its answer and again in its motion to dismiss, defendant argues that plaintiff, with the exercise of reasonable judgment, knew or should have known in June of 1974 that she would not be hired by Washington Federal insomuch as she was informed point blank that no positions were available. It is defendant's position that the 180-day period set forth in § 2000e–5(e) began to run upon the date Mrs. Farmer was informed that she would not be hired. In other words, defendant reasons that the 180-day period runs from the date upon which plaintiff "knew, or should have known, that she would not be hired."

Conversely, plaintiff argues that the 180-day period commences on the date upon which plaintiff "had reasonable cause to believe that she was being discriminated against on account of her race or sex." That is, the period does not begin to run until such time as a person becomes aware of, or should become aware of reasonable grounds upon which he or she might rationally suspect or conclude he or she had been the subject of race or sex discrimination.

The court's research has disclosed two recent cases in this circuit which announce the rule of law dispositive of the instant motion. In *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975) the court held that the statutory time period for the filing of a charge with the EEOC does not commence

> until the facts that would support a charge of discrimination under Title VII [are] apparent or should [be] apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff.

The holding on this point in *Reeb* was recently restated with approval in an opinion by a separate panel of the Fifth Circuit in *East v. Romine, Inc.*, 518 F.2d 332, 336 n. 3 (5th Cir. 1975).

■ Applying the rationale of *Reeb* to the facts in the case at bar, the court is constrained to deny the motion *sub judice* on the basis of the present record. Although Mrs. Farmer in her deposition was very indefinite as to the sources from whom she came to learn that defendant was hiring other applicants while continuing to deny the existence of any job vacancies to plaintiff, the court is unable to say, as a matter of fact, that the plaintiff became aware of, or should have become aware of, more than 180 days prior to January 17, 1975, facts which would support a charge of discrimination against defendant under Title VII. Consequently, the movant here has failed to carry its burden of showing that there is no genuine issue as to any material fact concerning the timeliness of plaintiff's January, 1975 charge with the EEOC and, for that reason, the defendant's motion must be overruled. However, the denial of the motion will be without prejudice to the rights of the parties to introduce further proof as to the date upon which plaintiff appreciated, or should have appreciated, the existence of facts which could reasonably be interpreted as supporting a charge of discrimination under Title VII.

An order will be entered accordingly.